RANDY GROSSMAN
United States Attorney
DAVID P. FINN
Assistant United States Attorney
California State Bar No. 249247
United States Attorney's Office
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7342
Email: David.Finn@usdoj.gov

Attorneys for Plaintiff
United States of America

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>     v.<br><br>TROY TATUM EBERHART,<br><br>                    Defendant. | Case No. 22CR1797-LL<br><br>**United States' Response in Opposition to Defendant's Motions to:**<br><br>**1) Compel Discovery and**<br>**2) Preserve Evidence**<br><br>**Together with the United States' Motion for:**<br>** 1)  Reciprocal Discovery**<br><br>Hearing Date: September 12, 2022<br>Time: 2:00 p.m.<br><br>**Honorable Linda Lopez** |

        COMES NOW the Plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Randy Grossman, United States Attorney, and David P. Finn, Assistant United States Attorney, and hereby files its Response and Opposition to Defendants' Motions to Compel Discovery and Preserve Evidence together with the United States' Motion for Reciprocal Discovery. This opposition is based upon

the files and records of the case together with the attached statement of the case and memorandum of points and authorities.

**I**

**Statement of the Case**

On July 10, 2022, the defendant was arrested after a search of his residence found approximately 45 illegal firearms and illegal firearms in the process of being manufactured.  On August 9th, 2022, the defendant was charged in a seventeen-count Information for violations of Title 18 U.S.C. § 922(g)(1), felon in possession of a firearm, Title 18 U.S.C. § 922(j), possession of stolen firearm, Title 18 U.S.C § 922(o), illegal possession of a machine gun, and Title 26 U.S.C. § 5861(d), possession of unregistered firearms. The defendant has entered a plea of not guilty.

**II**

**Argument**

**A.    Defendant's Motion to Compel Discovery**

This response will address two specific areas relating to the United States' production of discovery: (1) items that the United States either has provided or will voluntarily provide to Defendants; and (2) items demanded by Defendants that go beyond the mandate of Rule 16, Federal Rules of Criminal Procedure, and are not discoverable.  The United States is ready to produce discovery at this time but has been informed that new defense counsel may be appearing at the next hearing.  The United States will continue to meet and confer about discovery and other matters with defense counsel.

1.  **Items the Government Provided or Will Voluntarily Provide**

a.  Pursuant to Rule 16(a)(1)(A), Fed.R.Crim.P., the United States will disclose and make available for inspection, copying or photographing, any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States and that are relevant to the crime charged; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; and recorded testimony of the defendant before a grand jury which relates to the offense charged.  The United States shall also disclose the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the Government intends to use that statement at trial.

b.  Pursuant to Rule 16(a)(1)(B), Fed.R.Crim.P., the United States will furnish the defendant with a copy of any prior criminal record, namely, a rap sheet.

c.  Pursuant to Rule 16(a)(1)(c), Fed.R.Crim.P., the United States will permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions thereof, that are within the possession, custody or control of the United

States, and that are material to the preparation of the defendant's defense or are intended for use by the United States as evidence during its case-in-chief at trial, or were obtained from or belong to the defendant.

       d.   Pursuant to Rule 16(a)(1)(D), Fed.R.Crim.P., the United States will permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, that are in the possession, custody or control of the United States, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the United States, and that are material to the preparation of defendant's defense or are intended for use by the United States as evidence during its case-in-chief at trial.

       e.   Pursuant to Rule 16(a)(1)(E), Fed.R.Crim.P., the Government will provide the defendant with a written summary of testimony of all experts that the United States intends to introduce under Rules 702, 703, and 705 of the Federal Rules of Evidence.

       f.   The United States is aware of its duty under Giglio v. United States, 405 U.S. 150 (1972), and will disclose the terms of all agreements (or any other inducements) with cooperating witnesses or defendants, if any are entered into, at the time that the identities of these individuals is revealed. Specifically, in this regard, the Government will turn over plea agreements, cooperating individual agreements, and payments for information, services and/or expenses.

g.   The United States will disclose any record of prior criminal convictions, if any, that could be used to impeach a Government witness prior to any such witness' testimony. However, the Government is under no obligation to turn over the criminal records of all witnesses.  <u>United States v. Taylor</u>, 542 F.2d 1023, 1026 (8th Cir. 1976), <u>cert. denied</u>, 429 U.S. 1074 (1977).  When disclosing such information, disclosure need only extend to witnesses the Government intends to call in its case-in-chief.  <u>United States v. Gering</u>, 716 F.2d 615, 621 (9th Cir. 1983); <u>United States v. Angelini</u>, 607 F.2d 1305, 1309 (9th Cir. 1979).

h.   The United States will provide a description of the prior bad acts, if any exist, of the Government witnesses pursuant to Federal Rule of Evidence 608(b) to the extent that the information within the Government's possession reasonably relates to the credibility of a witness.

i.   The United States will disclose in advance of trial the general nature of other crimes, wrongs, or acts of the defendant that it intends to introduce at trial pursuant to Rule 404(b) of the Federal Rules of Evidence.  The Government agrees to disclose this information one week prior to trial.

j.   The United States will disclose all relevant search warrants that have been executed in this case, as well as the fruits of all searches conducted in this case.

k.   The United States acknowledges and recognizes its continuing obligation to disclose exculpatory evidence and discovery as required by <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), <u>Giglio v. United States</u>, 405 U.S. 150 (1972), Jencks Act and

1  Rules 12 and 16 of the Federal Rules of Criminal Procedure, and
2  will continue to provide discovery in accordance with its
3  obligations.

4    **2. Items that Go Beyond the Mandate of Rule 16,**

5      **Brady, the Jencks Act and Giglio**

6    Defendants are not entitled to rough notes taken during
7  statements to arresting officers.  See <u>Palermo v. United States</u>,
8  360 U.S. 343, 355 n.12 (1959); <u>United States v. Alvarez</u>, 86 F.3d
9  901, 904 n.2 (9th Cir. 1996).  Similarly, they are not entitled
10 to an order directing the Government to make and produce a
11 transcript of the statements.  See <u>United States v. Zavala</u>, 839
12 F.2d 523, 528 (9th Cir. 1988).

13 **B. Defendants' Motion to Preserve Evidence**

14   The United States does not oppose an order for the
15 preservation of what evidence remains in this case.  The United
16 States has already completed efforts to ensure that evidence is
17 not destroyed and will continue to do so.

18         **III.**

19     **Motion for Reciprocal Discovery**

20   The United States has received no reciprocal discovery as
21 of the date of this filing.  The discovery provided to Defendant
22 includes documents and objects which are discoverable under Fed.
23 R. Crim. P. 16(a)(1)(E).  Consequently, the United States is
24 entitled to discover from Defendant any books, papers, documents,
25 data, photographs, tangible objects, buildings, or places, or
26 copies or portions of any of these items, that are in Defendant's
27 possession, custody, or control and which defendant intends to

28

use in Defendant's case-in-chief. *See* Fed. R. Crim. P. 16(b)(1)(A).

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of defendant, which defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's requests for delivery of reports of examinations, the United States is entitled to the items listed above under Fed. R. Crim. P. 16(b)(1). The United States further requests a written summary of the names, anticipated testimony, and bases for opinions of experts that defendant intends to call at trial under Federal Rules of Evidence 702, 703, and 705.

The United States also requests the Court make such order as it deems necessary under Fed. R. Crim. P. 16(d)(1) and (2) to ensure the United States receives the entitled discovery.

Fed. R. Crim. P. 26.2 requires the production of prior statements of all witnesses, except Defendant. Rule 26.2 thus provides for the reciprocal production of Jencks statements. The time frame established by the Rule requires the statement to be provided after the witness has testified, as in the Jencks Act. Therefore, the United States hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. This order should include any form these statements are memorialized in,

including, but not limited to, tape recordings, handwritten or typed notes or reports.

## Conclusion

For the foregoing reasons, the United States respectfully requests that defendants' motions to compel discovery be denied and the United States' Motion for Reciprocal Discovery be granted.

Dated: September 7, 2022   RANDY GROSSMAN
              United States Attorney

              *s/David P. Finn*
              David P. Finn
              Assistant United
              States Attorney